```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Adam S. Levy

    v.                                Civil No. 14-cv-00443-JL

Thomas Gutierrez et al.

_____

Marlene Elizabeth Holland

    v.                                Civil No. 14-cv-00447-LM

Thomas Gutierrez et al.

_____

Kevin Cornwell

    v.                                Civil No. 14-cv-00448-JL

Thomas Gutierrez et al.

_____

Vance K. Opperman

    v.                                Civil No. 14-cv-00454-JD

Thomas Gutierrez et al.

_____

John Boccabella

    v.                                Civil No. 14-cv-00457-AJ

Thomas Gutierrez et al.

_____

Frank S. Impagliazzo

    v.                                Civil No. 14-cv-00458-AJ

Thomas Gutierrez et al.

_____

<u>John J. Favalora, Jr.</u>

    v.                                             Civil No. 14-cv-00460-JL

<u>Thomas Gutierrez et al.</u>

_____

<u>Deerhaven Capital LLC</u>

    v.                                             Civil No. 14-cv-00463-JL

<u>Thomas Gutierrez et al.</u>

_____

<u>Dennis Ringer</u>

    v.                                             Civil No. 14-cv-00478-PB

<u>Thomas Gutierrez et al.</u>

_____

<u>Michael S. Glassman</u>

    v.                                             Civil No. 14-cv-00485-JL

<u>Thomas Gutierrez et al.</u>

_____

<u>William Robey</u>

    v.                                             Civil No. 14-cv-00499-PB

<u>Thomas Gutierrez et al.</u>

_____

<u>Bob Walpole</u>

    v.                                             Civil No. 14-cv-00507-JL

<u>Thomas Gutierrez et al.</u>

_____

<u>Norfolk County Retirement System</u>

 v.          Civil No. 14-cv-00547-PB

<u>Thomas Gutierrez et al.</u>

**O R D E R**

As the court has received no objections to its order of December 9, 2014, these cases will be consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a).

Civil case number 14-cv-443-JL has been designated as the main case.  Henceforth, these consolidated cases shall be considered as one case.  All pleadings shall be filed in the main case, and shall be captioned with the case number of that case.  The certificate of service shall indicate copies to counsel in the main case, which shall now include all counsel in the former related cases.  Parties in the former related cases will be added to the main case as consolidated plaintiffs/defendants, as applicable.

The former related cases will be statistically closed.  Any pending motions in those cases will be terminated, and those motions--and the objections or responses thereto, if any--will be re-docketed in the main case.

The court will undertake prompt consideration of the various motions for appointment as lead plaintiff.  While the court is not inclined to hold oral argument on the motions, any party

3

desiring to be heard at oral argument shall notify the deputy clerk no later than **February 11, 2015**.[1]

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  February 4, 2015

cc:  Avi Josefson, Esq.

---

[1] As a final matter, the court notes that Attorney Mark L. Mallory has been retained as counsel for a number of the movants. While, technically, the movants that Attorney Mallory represents are all on the same "side" of the case, in that they are all either plaintiffs or members of the putative plaintiff class, they have requested what appears to the court to be mutually exclusive relief:  each seeks to be appointed lead plaintiff for this action under 15 U.S.C. § 77z-1(a)(3)(B) and to have his or her respective counsel (which, with the exception of Attorney Mallory, differs for each movant) appointed lead class counsel. Given this state of affairs, the court harbors some doubts as to whether Attorney Mallory can "provide competent and diligent representation" to each of the various movants he represents in this action, as required by Rule 1.7(b) of the New Hampshire Rules of Professional Responsibility (which apply in this court by operation of L.R. 83.5).

The court recognizes that Attorney Mallory is serving as local counsel in this action, but that does not mean he does not have the same responsibilities to the court and his clients as lead counsel.  To the contrary, L.R. 83.2(b) envisions that local counsel will have "a significant, ongoing responsibility," and that role "should not be taken lightly."  Brown v. Philip Morris Inc., 291 F. Supp. 2d 3, 6 (D. Mass. 2003).

The court is disinclined to take any action on this matter at present, and means to cast no aspersions in Attorney Mallory's direction.  It may be that, unbeknownst to the court, multiple-client representation such as that undertaken by Attorney Mallory in this specific context is authorized by applicable precedent or other authority.  Attorney Mallory should be prepared, however, to address his compliance with applicable law and professional rules if the court deems it necessary.

Gerald Silk, Esq.
John C. Browne, Esq.
Jennifer A. Eber, Esq.
Michael Klunder, Esq.
Richard A. Rosen, Esq.
Edmund J. Boutin, Esq.
Mark L. Mallory, Esq.
Christopher D. Hawkins, Esq.
Jamie N. Hage, Esq.
Biron L. Bedard, Esq.
John E. Lyons, Jr., Esq.
Danielle S. Myers, Esq.
John-Mark Turner, Esq.
Robert M. Rothman, Esq.
Samuel H. Rudman, Esq.
Deborah R. Gross, Esq.
Charles N. Nauen, Esq.
Karen H. Riebel, Esq.
Kate M. Baxter-Kauf, Esq.
Richard A. Lockridge, Esq.
Jason R. Crance, Esq.